IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

BRANDI NICOLE JOSEPH, )
)
Plaintiff, )
)
v. ) CIVIL ACTION NO.: 3:13-cv-652-WKW
)
CAROLYN W. COLVIN, )
Acting Commissioner of Social Security, )
)
Defendant. )

# RECOMMENDATION OF THE MAGISTRATE JUDGE

## I. INTRODUCTION

Plaintiff, Brandi Nicole Joseph, filed her complaint with this court on September 13, 2013, based on the denial of her application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq*. On July 11, 2014, the District Judge entered an Order referring this case to the undersigned magistrate judge for "further proceedings and determination or recommendation as may be appropriate." Order (Doc. 19). For the reasons that follow, it is the RECOMMENDATION of the undersigned that this case be DISMISSED for failure to prosecute and abandonment of claims.

## II. DISCUSSION

On September 17, 2013, the undersigned entered an Order requiring the Commissioner to file her answer to the complaint within ninety (90) days. Order (Doc.

3). The Commissioner complied, filing her Answer on December 18, 2013. Thus, according to this court's Order of September 17, 2013, Plaintiff's brief in support of her claims was due on or before January 27, 2014. *See Id.* at 2. Plaintiff failed to file her brief. Accordingly, on May 22, 2014, the undersigned ordered Plaintiff to "on or before June 5, 2014, show cause as to why h[er] brief was not filed and why this case should not be dismissed for failure to prosecute and abandonment of claims." Order (Doc. 12). Plaintiff filed a response to the court's order in which Plaintiff stated that she had been unable to retain an attorney and that she "was not aware that [she] needed to file a 'brief.'" (Doc. 13) at 1. Plaintiff's response gave no indication that Plaintiff would be submitting a brief in support of her claims in this case. The court ordered a status conference to be held to allow Plaintiff an opportunity to verbalize her claims. In the order setting the hearing, Plaintiff was "***warned that if she fails to attend the hearing, the court will have no choice but to recommend this case be dismissed for failure to prosecute and abandonment of claims***." *Id*. (emphasis in original). Plaintiff failed to attend the hearing.

A brief outlining Plaintiff's claims is necessary in this case. The only statements in the Complaint in support of Plaintiff's contention that the Commissioner's decision to deny benefits was erroneous are as follows:

> I disagree with the action of the Administrative Law Judge's decision because she did not review and consider medical records from January 11, 2009, Tallahassee Memorial Medical Center (Behavior Health Center). The judge <u>did not</u> have these records on file from the January 2012 hearing and I asked her to not go forward with the hearing until she received and reviewed these records. In her final decision, there is not evidence of

> review of these records. I was hospitalized for 2 weeks in January 2009. I have recently been hospitalized in Montgomery, AL for 3 weeks with the same problems.

Comp. (Doc. 1) at 2. In a Motion to Amend the Complaint, Plaintiff explained,

> At a "hearing" scheduled in January, 2012, I asked the Hearing Judge to reschedule my "hearing" because she stated that the []only medical records that the Social Security Office only had in their present records from Dr. Clemment of Montgomery, AL. Dr. Clemment refused to share my records with me and I only saw him once or twice because I usually met with a therapist when I visited his office for a short time in 2009. The Judge said she would reschedule the hearing in May 2012. The hearing was actually held in August, 2012, and based on the Judge's September 2012 correspondence shed did not consider my []medical records when I was admitted to the hospital on January 12, 2009 for two weeks.

(Doc. 9) at 1-2. These statements are not sufficient to set forth any error in the administrative process that denied Plaintiff benefits. Without more, the court can only speculate as to what Plaintiff's complaints may be as Plaintiff does not indicate whether she ever provided the additional records to the ALJ or to the appeals counsel. Despite the extended time allowed for Plaintiff to file a brief and the opportunity for Plaintiff to raise her arguments verbally at a hearing, Plaintiff has failed to articulate her claims.

Considering the time that has expired since the filing of the Complaint and the orders and warnings issued by the court, it is clear that Plaintiff has no intention of prosecuting this action and has abandoned her claims.

**III. CONCLUSION**

Accordingly, for the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED for failure to prosecute and abandonment

of claims. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **July 28, 2014**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 14th day of July, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE